2d 886; Childress v. State, 131 Tex.Cr.R. 487, 100 S.W.2d 102; Childress v. State, 134 Tex.Cr.R. 504, 116 S.W.2d 396; Goodale v. State, 146 Tex.Cr.R. 568, 177 S.W.2d 211.

It follows that the allegation as to a conviction in the Criminal District Court of Dallas County is not supported by the evidence.

Appellant's motion for rehearing is granted, the original opinion is withdrawn, the order of affirmance is set aside, and the judgment is now reversed and the cause remanded.

Opinion approved by the Court.

The record is before us without a statement of facts or bills of exception.

All the proceedings appearing regular and nothing being presented for our review, the judgment of the trial court is affirmed.

## GIVENS v. STATE.
### No. 26210.

Court of Criminal Appeals of Texas.
Jan. 28, 1953.

No attorney on appeal, for appellant.

George P. Blackburn, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, a fine of $100.

## JONES v. STATE.
### No. 26176.

Court of Criminal Appeals of Texas.
Dec. 10, 1952.

No attorney on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

GRAVES, Presiding Judge.

The conviction is for a violation of the liquor law in Lubbock County, Texas. The punishment assessed is a fine of $300.

The record is before us without a statement of facts or bills of exception. All matters of procedure appear to be in regular form.

The judgment of the trial court is affirmed.